UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICHOLE RUSSELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-684-XR |
| | § | |
| CRANE EQUIPMENT & SERVICE, INC., | § | |
| GAFFEY, INC., | § | |
| and GAFFEY, INC. OF TEXAS, | § | |
| | | |
| *Defendant(s)*. | | |

**ORDER**

On this date, the Court considered its jurisdiction over this case.

**I. Background**

Plaintiff Nichole Russell, a citizen and resident of Texas, filed suit in Texas state court against Defendant Crane Equipment & Service, Inc., an Oklahoma corporation with its principal place of business in Amherst, New York; Defendant Gaffey, Inc., a foreign entity not incorporated in Texas nor having its principal place of business in Texas; and against Defendant Gaffey, Inc. of Texas ("Texas Defendant"), a Texas entity that has been dissolved for over ten years.  Plaintiff alleges product defect, negligence, and breach of implied and express warranty with respect to a crane allegedly provided by all the defendants.[1]  Specifically, Plaintiff alleges that the defendants designed, manufactured, and sold a defective crane, and that the alleged defect caused Plaintiff to suffer severe bodily injuries.

Defendants Crane Equipment & Service, Inc. and Gaffey, Inc. filed a Notice of Removal

---

[1] Def. Notice of Removal, Aug. 19, 2010 (attached as exhibit B to Docket Entry No. 1).

asserting that this Court has diversity jurisdiction under 28 U.S.C. §1332 because Gaffey, Inc. of Texas was improperly joined to defeat diversity, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.[2] In the removal papers, Defendants provide evidence that the Texas Defendant is an entity that dissolved over ten years ago, as shown by Exhibit "A", Articles of Dissolution, certified by the Texas Secretary of State.[3]

Plaintiff has not moved to remand this case or otherwise responded to the Notice of Removal. However, this Court has an obligation to consider the issue of jurisdiction *sua sponte* to ensure that jurisdiction exists. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

## II. Analysis

The federal removal statute states that suits that arise under diversity jurisdiction are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Improper joinder may be established by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citation omitted). Here, only the second type of improper joinder is at issue.

To determine whether non-diverse Texas Defendant, Gaffey, Inc. of Texas, was improperly joined, we ask "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [Gaffey, Inc. of Texas], which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [it]."

---

[2] Def. Notice of Removal, Aug. 19, 2010 (Docket Entry No. 1).

[3] Def. Notice of Removal, Aug. 19, 2010 (attached as exhibit A to Docket Entry No. 1).

*Smallwood*, 385 F.3d at 573.  "[T]here must be a reasonable possibility of recovery, not merely a theoretical one."  *Campbell v. Stone Ins.*, *Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).  The burden of persuasion on a party asserting improper joinder is a "heavy one."  *Id.*; *Kling Realty Co.*, *Inc. v. Chevron USA*, *Inc.*, 575 F.3d 510, 514 (5th Cir. 2009).

In analyzing whether Defendants have demonstrated improper joinder, this Court may "pierce the pleadings and . . . conduct a summary inquiry only to identify [the] presence of discrete and undisputed facts which would preclude plaintiff's recovery against the in-state defendant."  *Smallwood*, 385 F.3d at 573-74.  "The focus of the inquiry must be on joinder, not the merits of the plaintiff's case."  *Smallwood*, 385 F.3d at 573.  In doing this summary inquiry, the court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

Based on the Articles of Dissolution for Gaffey, Inc. of Texas, it appears that there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against the Texas Defendant.  As shown in the Articles of Dissolution certified by the Secretary of State, this entity no longer exists and dissolved approximately ten years ago before the events made the basis of this lawsuit occurred. Plaintiff makes no specific allegations as to Gaffey, Inc. of Texas distinct from Crane Equipment & Service, Inc. or Gaffey, Inc.  Plaintiff has not disputed the accuracy of the factual allegation that Gaffey, Inc. of Texas had been dissolved long before the accident.  This fact would likely preclude Plaintiff's recovery against the Texas Defendant unless Plaintiff can bring forth summary-judgment type evidence showing that she has a reasonable probability of recovery against Gaffey, Inc. of Texas.

In addition to the requirement of a controversy between citizens of different states, the federal

diversity jurisdiction statute states the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The removing party has the burden of proving this amount by a preponderance of the evidence, either "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy . . . that support a finding of the requisite amount.'" *Luckett v. Delta Airlines, Inc.*, 177 F.3d 295, 298 (5th Cir. 1999) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1325 (5th Cir. 1995)). Plaintiff alleges damages from personal injury arising from the accident. Plaintiff pleads for future medical care, mental pain and anguish, physical impairment, disfigurement, and loss of earning capacity. Looking at the face of the complaint, it is apparent that Plaintiff's damages exceed the $75,000 jurisdictional amount, and therefore, removal would be proper.

### III. Conclusion

The removing Defendants have provided the Court with summary-judgment type evidence that tends to negate any possibility of recovery against Defendant Gaffey, Inc. of Texas. Plaintiff shall therefore respond with summary-judgment type evidence to rebut Defendants' evidence, if available, no later than **November 1, 2010**. If Plaintiff is unable to produce evidence by that date, Plaintiff shall notify the Court that no such evidence will be forthcoming or request additional time.

It is so ORDERED.

SIGNED this 14th day of October, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE